**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**
No. 14-25V
Filed: April 25, 2014
Not for publication

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| GRACE BODDEN and  \* | |
| DAMIAN BODDEN  \* | |
| Legal representatives of a minor  \* | |
| Child, B.B.,  \* | Damages; Decision Based on Proffer; |
| \* | Rotavirus; Intussusception |
| Petitioners,  \* | |
| v.  \* | |
| \* | |
| SECRETARY OF HEALTH  \* | |
| AND HUMAN SERVICES,  \* | |
| \* | |
| Respondent.  \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Carlos Allenby Bodden, Esq.*, Ellis, Ged & Bodden, Boca Raton, FL for petitioners.
*Lindsay Corliss, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## **DECISION AWARDING DAMAGES[1]**

**Gowen**, Special Master:

On January 10, 2014, Grace Bodden and Damian Bodden ["petitioners"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"] as legal representatives of a minor child, B.B., alleging that B.B. suffered from intussusception requiring surgical intervention, which was caused-in-fact by the rotavirus vaccine B.B. received on April 9, 2012. Petition at 1. On April 24, 2014, respondent filed a proffer on award of compensation, which indicated that petitioners agreed to the compensation amount.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Pursuant to the terms stated in the attached Proffer, **I award petitioners:**

1. **A lump sum payment of $40,000.00 in the form of a check payable to petitioners, Grace Bodden and Damian Bodden as guardians/conservators of B.B.'s estate,** representing compensation for actual pain and suffering. No payments shall be made to petitioners until petitioners provide respondent with current documentation establishing that they have been appointed guardians/conservators of B.B.'s estate.

2. **A lump sum payment of $1,189.06 in the form of a check payable to petitioners, Grace Bodden and Damian Bodden,** representing compensation for past unreimbursable medical expenses.

These amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| GRACE and DAMIAN BODDEN, as legal representatives of a minor child, B.B., | ) ) ) ) ) | |
| Petitioners, | ) ) | No. 14-25V  ECF |
| v. | ) ) | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 10, 2013, petitioners, on behalf of their son, Brandon Bodden ("B.B."), filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act"), as amended.  42 U.S.C. §§ 300aa-1 et seq.  Petitioners allege that, after B.B. received the RotaTeq rotavirus vaccine on April 9, 2012, he suffered from intussusception, requiring a surgical intervention.  Petitioners allege a theory based on causation-in-fact.  The Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report, conceding that B.B. suffered from intussusception requiring surgical intervention after receipt of the rotavirus vaccine, and recommending that petitioners be awarded compensation.  Respondent hereby submits the following proffer regarding the award of compensation.  This proffer does not address final attorneys' fees and litigation costs.  Petitioners are additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioners submitting substantiating documentation.

**I.     Items of Compensation**

   A.     Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioners are not entitled to an award for projected unreimbusable medical care expenses for B.B. incurred from the date of judgment as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioners agree.

   B.     Lost Future Earnings

Respondent proffers that based upon the evidence of record, B.B. has not, and he is not likely to suffer a loss of earnings as a result of his vaccine injury.  Accordingly, petitioners should not be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioners agree.

   C.     Pain and Suffering

Respondent proffers that petitioners should be awarded a lump sum of $40,000.00 for B.B.'s actual pain and suffering as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

   D.     Past Unreimburseable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to B.B.'s vaccine-related injury.  Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $1,189.06.  Petitioners agree.

   E.     Medicaid Lien

Petitioners represent that there are no outstanding Medicaid liens related to B.B.'s vaccine-related injury.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioners, to be received on behalf of B.B., should be made through a combination of lump sum payments as described below, and request that the special master's decision and the Court's judgment award the following:

A.  A lump sum payment of $40,000.00, representing compensation for past actual pain and suffering, in the form of a check payable to petitioners as guardians/conservators of B.B.'s estate.  No payments shall be made to petitioners until petitioners provide respondent with current documentation establishing that they have been appointed guardians/conservators of B.B.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of B.B., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate B.B. upon submission of written documentation of such appointment to the Secretary.

B.  A lump sum payment of $1,189.06, representing compensation for past unreimbursable medical expenses, payable to petitioners.

## III.     Summary of Recommended Payment Following Judgment

A.     Lump sum paid to petitioners as guardians/conservators of B.B.'s estate, representing compensation for actual pain and suffering:     **$     40,000.00**

B.     Lump sum paid to petitioners, representing compensation for past unreimbursable medical expenses:     **$     1,189.06**

3

                              Respectfully submitted,

                              STUART F. DELERY
                              Assistant Attorney General

                              RUPA BHATTACHARYYA
                              Director
                              Torts Branch, Civil Division

                              VINCENT J. MATANOSKI
                              Deputy Director
                              Torts Branch, Civil Division


                              VORIS E. JOHNSON, JR.
                              Assistant Director
                              Torts Branch, Civil Division

                              */s/ Lindsay Corliss*
                              LINDSAY CORLISS
                              Trial Attorney
                              Torts Branch, Civil Division
                              U. S. Department of Justice
                              P.O. Box l46, Benjamin Franklin Station
                              Washington, D.C.  20044-0146
                              Direct dial: (202) 616-9197
Dated:  April 24, 2014           Fax: (202) 616-4310